UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 1:11-cv-01594-SEB-DKL |
| KELLY A. JONES, ) | |
| GOVERNMENT EMPLOYEES ) | |
| INSURANCE COMPANY, INC. ('GEICO'), ) | |
| ) | |
| Defendants. ) | |

**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

This cause is before the Court on cross-motions for summary judgment [Docket Nos. 14 and 18], filed by Plaintiff on April 4, 2011, and Defendants on May 1, 2012, respectively. For the reasons detailed below, we DENY Plaintiff's motion and GRANT Defendants' motion.

**Factual Background**

On March 12, 2009, two-year-old Alexander Jones, a beneficiary of Tricare, the health care coverage program for Uniformed Service members and their families,[1] was injured when his mother, Ms. Kelly A. Jones, was involved in an automobile accident on SR 46E, in Bartholomew County, Indiana. At the time of the accident, Ms. Jones was insured by GEICO. From March 12, 2009 to May 14, 2009, Alexander Jones received medical treatment paid for or provided by Tricare totaling $20,996.73. On March 12, 2010, a "Notice of Claim" was mailed to GEICO to assert a lien for payment of those medical expenses under the Federal Medical Care Recovery Act ("MCRA"), 42 U.S.C. §§ 2651-2653, and the Coordination of Benefits Statute, 10 U.S.C. §

---

[1] Alexander Jones is (and was at the time of the accident), a dependent of Senior Airman James R. Jones, an active duty member of the United States Air Force.

1

1095. GEICO has not provided reimbursement pursuant to the lien because it contends that Indiana law precludes recovery by the United States under Indiana's Guest Statute, IND. CODE § 34-30-11-1.

## Legal Analysis

### I.     Standard of Review

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *See id.* at 255. However, neither the "mere existence of some alleged factual dispute between the parties," *id.*, 477 U.S. at 247, nor the existence of "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The party seeking summary judgment on a claim on which the non-moving party bears the burden of proof at trial may discharge its burden by showing an absence of evidence to support the non-moving party's case. *Id.* at 325.

Summary judgment is not a substitute for a trial on the merits, nor is it a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Therefore, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact-finder could find for the party opposing the motion, summary judgment is inappropriate. *See Shields Enterprises, Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992); *Wolf v. City of Fitchburg*, 870 F.2d 1327, 1330 (7th Cir. 1989). But if it is clear that a plaintiff will be unable to satisfy the legal requirements necessary to establish his or her case, summary judgment is not only appropriate, but mandated. *See Celotex*, 477 U.S. at 322; *Ziliak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003). Further, a failure to prove one essential element "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

Courts often confront cross-motions for summary judgment because Rules 56(a) and (b) of the Federal Rules of Civil Procedure allow both plaintiffs and defendants to move for such relief. "In such situations, courts must consider each party's motion individually to determine if that party has satisfied the summary judgment standard." *Kohl v. Ass'n. of Trial Lawyers of Am.*, 183 F.R.D. 475, 478 (D.Md. 1998) (citation omitted). Thus, in determining whether genuine and material factual disputes exist in this case, the Court has considered the parties' respective memoranda and the exhibits attached thereto, and has construed all facts and drawn all reasonable inferences therefrom in the light most favorable to the respective non-movant. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Interpretation of written contracts, such as insurance policies, is typically a matter of law and particularly appropriate for resolution by summary judgment. *Hurst-Rosche Engineers, Inc. v. Commercial Union Ins. Co.*, 51 F.3d 1336, 1342 (7th Cir. 1995).

## II. Discussion

The MCRA provides a cause of action to the federal government whenever the United States is either authorized or required to furnish medical care and treatment to a person injured under circumstances creating a tort liability upon a third person for recovery from the third person of the reasonable value of the care and treatment provided. *See* 42 U.S.C. §§ 2651-53.[2] The MCRA "has been held to create in the United States an independent right of recovery that is subrogated only to the extent that it is subject to any state substantive defenses which would negate the requirement that the injury arise under circumstances creating a tort liability upon some third person." *United States v. Forte*, 427 F. Supp. 340, 341 (D.C. Del. 1977); *accord United States v. Oliveira*, 489 F. Supp. 981, 982 (D.C.S.D. 1980) (collecting cases). In other words, "[b]arriers to the right of a victim are not binding on the United States if circumstances creating tort liability have not been extinguished." *United States v. Neal*, 443 F. Supp. 1307, 1312 (D.C. Neb. 1978). At issue here is whether Indiana's automobile guest statute, IND. CODE § 34-30-11-1,[3] which provides that the host driver is not liable for losses or damages that arise

---

[2] The MCRA provides in relevant part as follows:
  In any case in which the United States is authorized or required by law to furnish or pay for hospital, medical, surgical, or dental care and treatment … to a person who is injured or suffers a disease … under circumstances creating a tort liability upon some third person … to pay damages therefor, the United States shall have a right to recover (independent of the rights of the injured or diseased person) from said third person, or that person's insurer, the reasonable value of the care and treatment so furnished, to be furnished, paid for, or to be paid for and shall, as to this right be subrogated to any right or claim that the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors has against such third person to the extent of the reasonable value of the care and treatment so furnished, to be furnished, paid for, or to be paid for.
42 U.S.C. § 2651(a).

[3] Indiana's guest statute provides as follows:
  The owner, operator, or person responsible for the operation of a motor vehicle is not liable for loss or damage arising from injuries to or the death of:
     (1) the person's parent;
     (2) the person's spouse;
     (3) the person's child or stepchild;
     (4) the person's brother;
     (5) the person's sister; or
     (6) a hitchhiker;
  resulting from the operation of the motor vehicle while the parent, spouse, child or stepchild, brother,

4

from injuries to enumerated nonpaying passengers unless the injuries result from the "wanton or willful misconduct" of the driver, negates tort liability in this case, thereby barring recovery by the United States.

The parties have represented to us and our research confirms that the Seventh Circuit has not addressed application of state law defenses, including state guest statutes, to the MCRA. Courts that have addressed this issue, however, have held that state law defenses available to a defendant against the injured party bar the government from asserting its rights under the MCRA if they negate "circumstances creating a tort liability upon some third person." 42 U.S.C. § 2651(a). Thus, for example, in states that have enacted no-fault liability laws, the government may not bring suit under the MCRA for costs it incurred from treating victims of automobile accidents. *See, e.g.*, *United States v. Dairyland Ins. Co.*, 674 F.2d 750, 751 (8th Cir. 1982) ("The absence of a tortfeasor in no-fault states has severely curtailed the ability of the United States to recover under the [MCRA]."). However, state law defenses which merely regulate, rather than negate tort liability, have been held not to bar recovery by the United States. Thus, courts have consistently held that state immunity statutes do not bar the United States from recovering under the MCRA because such statutes merely regulate enforcement as opposed to extinguishing or curtailing liability altogether. *United States v. Moore*, 469 F.2d 788, 790 (3d Cir. 1972) (holding that Maine's family immunity laws simply "impose a 'legal disability' on one spouse to sue another for negligent tort" but do not "*purge* a spouse or parent tortfeasor of any and all tort liability"); *United States v. Haynes*, 445 F.2d 907, 910 (5th Cir. 1971) (holding that the Louisiana law of community property, which places the ownership of the claim to recover for

---

sister, or hitchhiker was being transported without payment in or upon the motor vehicle unless the injuries or death are caused by the wanton or willful misconduct of the operator, owner, or person responsible for the operation of the motor vehicle.
IND. CODE § 34-30-11-1.

5

medical expenses incurred by either party to a marriage exclusively in the husband, did not bar recovery under the MCRA because it "is in no way a circumstance creating or negating tort liability" and "relates to whether the injured person can recover for the tort, not whether an actionable tort in fact was committed").

Lower courts that have specifically addressed application of automobile guest statutes to the MCRA are split regarding whether such statutes bar recovery by the United States. Courts holding that the United States is not barred from recovery reason that guest statutes are similar to immunity statutes because guest statutes do not operate to purge an automobile owner or operator from all tort liability, but merely limit a victim's right to recover for ordinary negligence, "in effect cloaking the negligent driver with limited immunity for ordinary negligence." *Forte*, 427 F. Supp. at 342; *see also Government Employees Ins. Co. v. Bates*, 414 F. Supp. 658 (E.D. Ark. 1975) (holding that Arkansas guest statute did not preclude recovery under the MCLA). Other federal district courts, however, have held that guest statutes bar the government from recovering under the MCRA because such statutes do not simply curtail a particular individual's enforcement of existing liability, but rather extinguish tort liability altogether in the absence of an enhanced degree of fault. *United States v. Neal*, 443 F. Supp. 1307 (D. Neb. 1978); *United States v. Oliveria*, 489 F. Supp. 981 (D.S.D. 1980). These cases emphasize that, unlike an immunity, which is an affirmative defense that must be pleaded by a defendant, guest statutes affect "the substantive rights of litigants and cannot be waived." *Neal*, 443 F. Supp. at 1312 (citations omitted); *see also Oliveria*, 489 F. Supp. at 982-83 (holding that, as a substantive law, South Dakota's guest statute barred the government from recovery under the MCRA because no willful or wanton negligence was alleged).

Notwithstanding these disparate outcomes, the thrust of case law appears to endorse the view that "there must be circumstances creating a tort liability before the United States can recover from an alleged tortfeasor." *Oliveria*, 489 F. Supp. at 982.  Applying that approach to the case before us, it is clear that Indiana's guest statute provides that no liability arises for the mother's negligence in the operation of her automobile resulting in injuries to her passenger son unless the injuries were caused by her "wanton or willful misconduct." *See* IND. CODE § 34-30-11-1.  Indiana courts have consistently held that operator liability does not arise under the state's guest statute unless "wanton or willful conduct" exists. *See Duncan v. Duncan*, 764 N.E.2d 763 (Ind. Ct. App. 2002) (holding that Indiana guest statute barred the claim of the vehicle operator's sister because the evidence at most showed that the sister's injuries resulted from "mistake or error in judgment rather than from wanton or willful misconduct"); *Coplen v. Omni Restaurants, Inc.*, 636 N.E.2d 1285, 1286-88 (Ind. Ct. App. 1994) (holding that, absent wanton or willful misconduct of operator of vehicle, Indiana guest statute shields operators from liability for any losses or damages arising from injuries to enumerated nonpaying passengers, regardless of who attempts to recover for the loss or damage).  Thus, unless a plaintiff pleads and is able to prove wanton and willful conduct by the driver, tort liability does not exist.  This is a circumstance plainly distinguishable from the mere curtailment of an individual's right to enforce existing tort liability.  Indiana's guest statute negates any tort liability for loss or damages arising from injuries sustained by enumerated passengers absent wanton and willful conduct, which has not been shown here.  For these reasons, we find that Indiana's guest statute bars the right of the United States to recover under the MCRA in this case.  Summary judgment shall enter in favor of Defendants and Plaintiff's Motion for Summary Judgment must be denied.  Final judgment shall issue accordingly.

IT IS SO ORDERED.

Date: _____03/01/2013_____

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Electronically registered counsel of record